By the Coubt.
This was an original action in quo warranto, instituted in the Court of Appeals of Crawford county by the state, on the relation of Frank Maul, against plaintiff in error, O. S. Sutter.
The relator prayed in his petition that Sutter be required to answer by what right he claimed to exercise the office of member of the board of education of the New Washington consolidated school district, of Crawford county, Ohio, and asked that a judgment of ouster be entered against Sutter, and that relator be adjudged entitled to the office and its franchises. He alleged that he was a resident, elector, and taxpayer of the New Washington consolidated school district; that a vacancy had existed in the board of education of that district for more than 30 days prior to the 1st day of June, 1922; that the local board had neglected to fill that vacancy; that the county board of education of Crawford county, pursuant to its legal duty, elected the relator to fill the vacancy thus existing until the next general election ; and that on the 3d day of July, 1922, the rela *310 tor qualified for the office by taking the oath of office as prescribed by law. Maul also alleged that he had been duly commissioned to exercise the powers and duties and to receive the fees and emoluments of such office. He alleged that Sutter had usurped the office to the exclusion of relator’s rights.
In his answer, the respondent alleged that he had been duly and legally elected, at the regular election held in 1919, as a member of the board of education in the New Washington village school district, for a term of four years, beginning on the first Monday of January, 1920; that he had duly qualified; that on the first Monday of January, 1920, he had assumed the duties of the office, and ever since had been acting as a member of such board of education; that he had been at the time of his election, and ever since, a resident and an elector of the said school district; that he had not resigned nor been removed as member of such board; and that his term of office would not expire until the first Monday of January, 1924. He denied each and every other allegation of the petition.
A reply by the relator joined issue with the allegations of fact contained in the answer.
The cause was heard at the December term of the Court of Appeals of the Third Appellate District, Crawford county, and on December 20, 1922, judgment was entered, finding on the issues joined for the relator, and ordering and adjudging that the defendant be ousted and excluded from office.
The facts of the case are briefly as follows: On the 27th day of April, 1922, the Crawford county board of education passed a resolution providing for the transfer of a part of the territory of the *311 New Washington consolidated school district to the Chatfield rural school district. This was followed by the filing of a map with the county auditor, and the posting of notices, pursuant to Section 4692, General Code. No protest was filed objecting to the transfer. One O. S. Sutter, living in the territory so transferred, was at that time a member and president of the board of education of the New Washington consolidated school district.
The relator’s claim was based upon the theory that there had been a valid transfer of territory from the New Washington consolidated school district to the Chatfield rural school district, adjoining on the west; that Sutter resided in the territory so transferred, and became by reason of the transfer a nonresident of the district, thereby forfeiting his rights as member of the board of education, to which office he had been duly elected, and for which he bad duly qualified; and that relator had been duly elected to the vacancy thus created.
Sutter claims that, while he did formerly reside in the portion of territory transferred from the New Washington consolidated school district to the Chat-field rural school district, shortly after the time the first steps were taken toward making such transfer, namely, on or about May 24, 1922, he changed his residence and became a bonai fide resident of the New Washington school district, prior to the date upon which the transfer became effective, which, under the law, he claimed, was at least 30 days after the filing of the map required by the provisions of Section 4692, General Code.
The Court of Appeals made no separate finding of facts and law. The principal legal question *312 raised in the ease was as to whether quo warranto was the proper remedy, the respondent claiming that the action should have been one in mandamus. The Court of Appeals held that quo warranto was the proper remedy. In this we find no error. “Mandamus” is a writ issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Section 12283, General Code.) This is not a case in which any affirmative duty rested upon Sutter as a member of a board of education, which he could be compelled by mandamus to perform. Mandamus, therefore, clearly could not lie in this instance. Moreover, the provisions of Section 12307, General Code, that “a person claiming to be entitled to a public office unlawfully held and exercised by another, by himself or an attorney at law, upon giving security for costs, may bring an action therefor,” are clearly broad enough to authorize an action in quo warrmto under the present facts.
The main issue of fact in the case was whether Sutter continued to live in the transferred territory or obtained a bona fide legal residence in the New Washington consolidated school district before the transfer became effective, and hence retained his office.
It is claimed, on the one hand, that Sutter moved to the New Washington school district, where his children were going to school, a few days prior to the date upon which it is admitted the transfer became effective. On the other hand, it is claimed that Sutter’s change of residence was pretended *313 only; that part of his family and all of his personal belongings were left upon the farm in the territory transferred to the Chatfield rural school district; and that a subsidy was raised for the purpose of enabling Sutter’s brother-in-law to work the farm while Sutter lived in New Washington for the purpose of maintaining his position as member of the board of education. It was upon the ground last stated that the Court of Appeals gave judgment for relator.
It cannot be contended that there is no evidence in the record tending to show that Sutter never became a bona fide resident of the New Washington school district after the transfer. This court not being empowered to weigh the evidence, and being bound by the finding of the Court of Appeals upon a question of fact, we are compelled to assume that this finding is justified. The judgment of the Court of Appeals must therefore be affirmed.

Judgment affirmed.

Wanamaker, Robinson, Jones, Matthias and Aleen, JJ., concur.